SLIP OPINION

Cite as 2016 Ark. App. 533

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-601

| | |
|---|---|
| Opinion Delivered: **NOVEMBER 2, 2016** | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br>**APPELLANT** | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION [NO. 60JV-16-319] |
| V. | HONORABLE JOYCE WILLIAMS WARREN, JUDGE |
| TOMISHA LEWIS AND MINOR CHILDREN<br>**APPELLEES** | SUPPLEMENTATION OF THE ADDENDUM ORDERED |

## KENNETH S. HIXSON, Judge

This is a dependency-neglect case. On March 1, 2016, appellant Arkansas Department of Human Services (DHS) exercised an emergency hold of appellee Tomisha Lewis's three children after Tomisha's youngest child fell down some steps while strapped in a child carrier. The accident occurred while Tomisha was arguing with the child's father. Although the child was not seriously injured, both parents were arrested and charged with endangering the welfare of a child. The trial court entered an ex parte order for emergency custody of the three children on March 4, 2016, and a probable-cause order was entered on March 9, 2016.

An adjudication hearing was held on April 6, 2016, and on the same day, the trial court entered an order finding that DHS had failed to meet its burden of proving that the

juveniles were dependent-neglected.  The trial court dismissed the petition, closed the case, and returned the children to Tomisha's custody.

DHS now appeals from the order dismissing its dependency-neglect petition.  On appeal, DHS argues that Tomisha's children were dependent-neglected as a result of inadequate supervision and parental unfitness, and therefore that the order of dismissal should be reversed.  Because DHS has submitted a brief with an addendum that is deficient, we are unable to reach the merits of its argument at this time, and we order DHS to supplement its addendum.

Arkansas Supreme Court Rule 4–2(a)(8) provides that an appellant's addendum shall contain documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.  Pursuant to Rule 4–2(a)(8)(i), the addendum must contain the notice of appeal.  Here, DHS failed to include in its addendum a complete copy of its notice of appeal, without which this court is unable to confirm its jurisdiction.

Rule 4–2(b)(4) provides that if the appellate court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court.  The appellant has seven calendar days in which to file a supplemental addendum in compliance with this rule.  We encourage appellant's counsel, prior to filing the supplemental addendum, to review our rules as well as the record and addendum to ensure that no additional deficiencies are present.



Supplementation of the addendum ordered.

GLOVER and HOOFMAN, JJ., agree.

*Andrew Firth*, Office of Chief Counsel, for appellant.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellee.